# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TROY J. GREEN,

    Petitioner,

v.                                                                Civil Action No.     3:03CV73
                                                                     Criminal Action No.   3:02CR26

UNITED STATES OF AMERICA,

    Respondent.

## **MEMORANDUM, OPINION, and REPORT AND RECOMMENDATION**

## **I. PROCEDURAL HISTORY**

On October 24, 2003, the petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody along with a supporting memorandum of law, an affidavit, and an Application to Proceed *In Forma Pauperis*.

By Order entered on November 5, 2003, the Court ordered the respondent to answer the motion. On December 8, 2003, the respondent filed Motion of the United States to Dismiss and Response to Petitioner's Motion Made Pursuant to 28 U.S.C. § 2255. On December 15, 2003, the petitioner filed Petitioner's Traverse to Motion of the United States to Dismiss and Motion for Evidentiary Hearing. On June 8, 2004, the petitioner filed Motion to Compel Discovery. On August 11, 2004, the respondent filed Response of the United States to Petitioner's Motion to Compel Discovery. On August 20, 2004, the petitioner filed Motion for Evidentiary Hearing. On August 24, 2004, the respondent filed Response of the United States to Petitioner's Motion for Evidentiary Hearing. On September 3, 2004, the petitioner filed Petitioner's Reply to United States' Response to Petitioner's Motion for Evidentiary Hearing.

Thereafter, on October 25, 2004, the petitioner filed a Motion for Summary Judgment Pursuant to Rule 56(c) Federal Rules of Civil Procedure.

Thus, this matter which is pending before me for initial review and report and recommendation pursuant to LR PL P 83.15, is ripe for review.

## A. Conviction and Sentence

In November 2002, a jury for the United States District Court for the Northern District of West Virginia found the petitioner guilty of conspiracy to possess with the intent to distribute 50 grams or more of crack cocaine; distribution of crack cocaine within 1,000 feet of a school; and distribution of crack cocaine. The Court sentenced the petitioner to 200 months imprisonment.

## B. Appeal

The petitioner appealed his convictions and sentence. On appeal, the petitioner argued that the evidence was insufficient to support his conspiracy conviction; the district court erred in calculating the drug amounts attributable to him at sentencing; the district court erred in imposing a two-point enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1; and the district court erred in refusing to allow him to argue at closing that because the Government did not call any of his co-conspirators as witnesses, the jury could infer their testimony would have been exculpatory to him. The Fourth Circuit found no errors and affirmed the petitioner's convictions and sentence. United States v. Green, 69 Fed. Appx. 612, 2003 WL 21518777 (4th Cir. 2003).

## C. Federal Habeas Corpus

### The Petitioner's Contentions

Denial of effective assistance of counsel.

Counsel failed to subpoena witnesses that I specifically requested to testify at the

2

trial which could have exonerated me of the charges against me.

**The Respondent's Contentions**

(1)   The petitioner offers nothing to support his claim of ineffective assistance of counsel.

(2)   The fact that the petitioner's counsel did not present the testimony of the co-conspirators, which the petitioner alleges would have exonerated him, clearly indicates that the petitioner's argument is without merit.

**D. Recommendation**

Upon reviewing the record, I recommend that all of the petitioner's motions be denied and that the respondent's motion to dismiss be granted.

## II. ANALYSIS

**A. Ineffective Assistance of Counsel**

The petitioner asserts that his attorney was ineffective because he failed to subpoena witnesses, and thus, he was "unable to establish his innocence of the charges against him, was not allowed to argue at closing that because the Government did not call any of Petitioner's co-conspirators as witnesses, the jury could infer their testimony would have been exculpatory to Petitioner, and was not allowed to request a 'missing witness' instruction at trial." According to the petitioner, his co-conspirators would have testified that he was not involved in a conspiracy to distribute crack cocaine or any other crimes.

The petitioner alleges that his attorney did not subpoena the requested witnesses because "amongst other things, upon information and belief, counsel was concerned with a pending divorce

3

and did not want the witnesses testimony to drag the trial along into the divorce proceedings." (Doc. # 198 at 2).

With regard to claims of ineffective assistance of counsel, counsel's conduct is measured under the two part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness. Id. at 688. In reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 689-90.

Second, the petitioner must be prejudiced by counsel's performance. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If the defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. Fields v. Att'y Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir.), cert. denied, 506 U.S. 885 (1992).

First, there was no need for the petitioner's attorney to subpoena the co-defendants because the respondent had already subpoenaed them. Moreover, as the Fourth Circuit has found "[t]he allegations of ineffectiveness relating to the failure to call certain witnesses and the presentations made in the opening statement all relate to tactical decisions made by counsel. It is not the proper role of this Court to second-guess a trial attorney's tactical decisions, except when it appears that

4

the attorney's performance was not reasonable considering all the circumstances." United States v. Ricks, 810 F.2d 195, 1987 WL 36248, *4 (4th Cir. 1987) (internal citations omitted) (unpublished).[1]

"We evaluate the reasonableness of counsel's explanation for not calling these witnesses in light of 'the circumstances of counsel's challenged conduct, and ... from counsel's perspective at the time.' 'The decision whether to call a defense witness is a strategic decision' demanding the assessment and balancing of perceived benefits against perceived risks, and one to which '[w]e must afford . . . enormous deference.'" United States v. Terry, 366 F.3d 312, 317 (4th Cir. 2004) (internal citations omitted).

The undersigned finds that there is nothing in the record which reveals the petitioner's attorney acted unreasonably under the circumstances in failing to call the petitioner's co-defendants as witnesses during the petitioner's trial. The record reveals that the petitioner's attorney believed that the respondent had not met its burden of proving the petitioner's involvement in the conspiracy. See Motion for Acquittal (Doc. # 136). The petitioner's counsel made a tactical decision to not have the petitioner's co-defendants testify at trial. Moreover, the petitioner's allegations that his attorney did not call the individuals as witnesses because of divorce proceedings is contradicted by the record. The portion of the transcript upon which the petitioner relies does not indicate his attorney was concerned with a pending divorce proceeding, but he had merely made a comment regarding the trial schedule.

Lastly, while the petitioner asserts that he is entitled to relief because the respondent did not

---

[1] Pursuant to Fourth Circuit Local Rule 36(c), which disfavors citation of unpublished opinions, a copy of this unpublished opinion is attached.

submit any affidavits to dispute his allegations that his co-defendants would have testified that he was not involved in a conspiracy, he has not provided the Court with any affidavits from these individuals which support his claim. Therefore, it was not necessary for the respondent to submit any affidavits.

Consequently, the undersigned finds that the petitioner's claim of ineffective assistance of counsel is without merit.

**B. Motion for Evidentiary Hearing**

The petitioner seeks an evidentiary hearing. The Respondent asserts that no evidentiary hearing is necessary because it the petitioner has not demonstrated a need for an evidentiary hearing.

28 U.S.C. § 2255 provides in pertinent part as follows:

> [u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

See also United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000); United States v. Magini, 973 F.2d 261, 264 (4th Cir.1992) ("a federal court in a habeas proceeding must hold an evidentiary hearing when the petitioner alleges facts which, if true, would entitle [him] to relief").

The petitioner's § 2255 motion and the Respondent's response conclusively establish that the petitioner is entitled to no relief. Thus, he is not entitled to an evidentiary hearing.

**C. Motion to Compel Discovery**

The petitioner filed a motion to compel discovery in which he requests the Court to compel

6

the respondent to furnish him with any affidavit from his trial counsel.[2] The respondent asserts that it "does not have any statement or affidavit from petitioner's counsel with regard to the allegations of ineffective assistance of counsel bought [sic] in petitioner's § 2255 motion." Thus, the respondent asserts that it cannot comply with the petitioner's request. Because the respondent asserts that it does not have an affidavit from the petitioner's attorney, the undersigned recommends that the motion to compel be denied.

## D. Motion for Summary Judgment

The petitioner filed a motion for summary judgment in which he alleges that "[s]ince respondent has failed to secure any affidavit refuting his allegation, it has failed to meet its burden, and therefore, there is no genuine issue as to the material fact of this pleading in dispute. That is, there is no dispute as to whether petitioner requested counsel to subpoena witnesses at trial and therefore, the moving party has met his burden and summary judgment is mandated against the nonmoving party in the form of a new trial because of counsel's ineffective assistance at trial."

The petitioner is not entitled to summary judgment because his attorney was not ineffective. Thus, his motion for summary judgment should be denied.

---

[2] In its response to the petitioner's § 2255 motion, the respondent included a statement that the petitioner's attorney "will most likely wish to have an order from the Court authorizing him to provide information relative to the petitioner's claims against him." The respondent further stated "By copy of this response to petitioner's motion, the United States would ask the Court for an Order relieving Mr. Bottner of his obligations under West Virginia Code of Professional Conduct, Rule 1.6(a) and permitting him to fully respond to petitioner's allegations". The Court did not treat the request as a motion because it was not designated as a motion, and the respondent did not fully brief the issue. Furthermore, in his Motion to Compel, the petitioner stated that his allegations of ineffective assistance of counsel constituted a waiver of the attorney-client privilege and that "counsel is free to submit an affidavit either corroborating or refuting the petitioner's allegations." The respondent did not submit an affidavit from the petitioner's trial counsel.

## III. RECOMMENDATION

The undersigned recommends that the Court enter an Order **GRANTING** the respondent's Motion to Dismiss and **DENYING** the petitioner's § 2255 motion, motions for evidentiary hearing, motion to compel, and motion for summary judgment. It is further recommended that the Court deny his motion to proceed *in forma pauperis* because there is no filing fee for a § 2255 action.

Any party may file within ten (10) days after being served with a copy of this Memorandum Opinion and Report and Recommendation with the Clerk of the Court written objections identifying the portions of the Memorandum Opinion and Report and Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of Court is directed to mail a copy of this Memorandum Opinion and Report and Recommendation to the *pro se* petitioner and the United States Attorney for the Northern District of West Virginia.

Dated: March 24, 2005

JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE